UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOBBY R. KNIGHT,

          Plaintiff,

      v.

G. BLUEFORD, *et al.*,

          Defendants.

Case No.  2:26-cv-1968-JDP (P)

ORDER

Plaintiff, a state prisoner, brings this action against three correctional officer defendants and alleges that they violated his Eighth Amendment rights by using excessive force against him. After reviewing the complaint, I find that plaintiff has stated potentially cognizable Eighth Amendment claims against defendants Blueford and Dominguez.  I cannot tell what, if any, claim is being asserted against defendant Garcia, however.  Plaintiff may proceed with his claims against Blueford and Dominguez, or he may delay serving any defendant and file an amended complaint.  Additionally, I will grant his application to proceed *in forma pauperis*, ECF No. 2.

     I.     Screening Standards

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II.    Analysis

Plaintiff's complaint is, owing to his handwriting, difficult to read.  I can make out that he is asserting that defendants Blueford and Dominguez used excessive force against him on January 2, 2026, while he was on the main yard at California Medical Facility.  ECF No. 1 at 12-13.  This claim is, for screening purposes, viable to proceed.  I cannot tell if any claim is being asserted against defendant Garcia, however, who is named in the caption of the complaint, but does not appear to be mentioned in the allegations.

Plaintiff may elect to proceed only with his Eighth Amendment claims against Blueford and Dominguez or he may delay serving any defendant and file an amended complaint. If he files

an amended complaint, he is advised that it will fully supersede the current complaint and should be titled "First Amended Complaint."

Accordingly, it is ORDERED that:

1.    Within thirty days, plaintiff may confirm his intent to proceed only with the Eighth Amendment claims against Blueford and Dominguez, or, within that same time, file an amended complaint with the understanding that doing so will delay service of any defendant.  If plaintiff confirms his intent to proceed with the cognizable claims, I will direct service for these defendants.

2.    The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3.    Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:    June 9, 2026                    _____
                                          JEREMY D. PETERSON
                                          UNITED STATES MAGISTRATE JUDGE

3